IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TIMOTHY ROBINSON,            )
                             )
        Plaintiff,            )
                             )
    v.                       )       1:15CV568
                             )
MICHAEL A. GRACE, et al.,    )
                             )
        Defendant(s).         )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a federal prisoner, submitted a civil rights action pursuant to 42 U.S.C. § 1985, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that a serious flaw makes it impossible to further process the Complaint. The problem is:

1.  Plaintiff does not appear to state any viable claim for relief under § 1985. Plaintiff attempts to set out a claim against his former attorneys for conspiring to violate his civil rights. He alleges that he learned that federal and state authorities were investigating his involvement in a heroin distribution ring. He then hired Defendants to represent him in an attempt to avoid being charged. They negotiated an immunity agreement and arranged for Plaintiff to meet with authorities. Nevertheless, federal authorities indicted and convicted Plaintiff using, he alleges, information that he provided. He contends that his attorneys negotiated and advised him to accept an inadequate immunity agreement and that they failed to represent him further or return his fee. Based on those facts, he asserts that Defendants conspired with each other to deprive him of his right to life and liberty free from arrest, prosecution, and imprisonment. However, this is not a right protected by § 1985, which covers allows an action based on a "conspiracy to deny equal protection." That in turn requires a conspiracy between persons "motivated by a specific class-based invidiously discriminatory animus." Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir.

1995. Plaintiff alleges no such animus and sets out no facts supporting any such allegation. Plaintiff's Complaint is his second attempt at turning a routine state court legal malpractice and fee dispute into a federal conspiracy case without any basis for doing so. In fact, Plaintiff also sets out state law claims for legal malpractice and fraud, which he may pursue in the state courts if he chooses. However, he states no federal cause of action that would justify retaining those claims in this Court and it appears unlikely that he can ever do so. This is his second attempt at doing this. He is cautioned that further attempts may be treated as frivolous filings under 28 U.S.C. § 1915(e)(2), resulting in their dismissal and the assessment of the $400.00 filing fee to be deducted from Plaintiff's prison trust account.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a complaint raising his state law claims in state court.

Plaintiff also filed a Motion (Docket Entry 3) asking that the Court order the United States Marshals to serve his Complaint. This Motion will be denied in light of the recommendation that the case be dismissed. *In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that Plaintiff's Motion (Docket Entry 3) seeking to have the Court order service by the Marshals is denied and that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint raising his state law claims in state court.

This, the 23nd day of July, 2015.

Joe L. Webster
United States Magistrate Judge

2

Case 1:15-cv-00568-TDS-JLW   Document 4   Filed 07/23/15   Page 2 of 2